IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00531-RBJ

JOHNS MANVILLE CORPORATION, a Delaware corporation, and
JOHNS MANVILLE, a Delaware corporation,

   Plaintiffs,

 v.

KNAUF INSULATION, LLC, a Delaware corporation,
WALTER A. JOHNSON, individually, and
KNAUF INSULATION GMBH, a German corporation,

   Defendants.

---

## ORDER PRESERVING PRIVILEGE

On December 18, 2015, the Court authorized Plaintiffs to retain a forensic accounting firm to locate certain documents, as described in paragraph 10 of the Parties' Stipulated Order entered, as modified, on that date ("Stipulated Order"). The order states that (1) the accounting firm's review "shall not include attorney client privileged communications and materials and shall not violate any applicable foreign privacy law" and (2) the scope of the review is limited to "the purpose of locating Category A, B, and C documents."

Plaintiffs retained the accounting firm Stout Risius Ross ("SRR") to conduct the review contemplated by the Stipulated Order. SRR has asked Defendant Knauf Insulation, Inc. ("Knauf") to provide SRR certain electronically stored information ("ESI") that QDiscovery, LLC ("QDiscovery") collected from Knauf and maintains (the "Knauf ESI") at the direction of Knauf's counsel for purposes of Knauf's defense to the claims in this case and to respond to

1

discovery requests issued by Plaintiffs.   SRR may further ask Knauf to provide access to additional documents, information, or data reasonably required by SRR to complete its investigation (collectively with "Knauf ESI," the "Knauf Information").   By seeking entry of this Order Preserving Privilege (the "Order"), the Parties herein agree to the below procedure to allow Knauf to disclose the Knauf Information, including but not limited to the copies of Knauf ESI maintained by QDiscovery, from Knauf during the course of this investigation in a way that will (1) preserve any privilege and protection applicable to any such information, (2) ensure the confidentiality of the Knauf Information, and (3) allow for the disposition of the Knauf Information at the conclusion of this litigation.

NOW, THEREFORE, for good cause shown and based on the representations and stipulations of the Parties, the Court ORDERS the following:

1.      Within five (5) business days of entry of this Order, Knauf shall provide to SRR complete, unprocessed electronic copies of the Knauf ESI, along with all chain of custody information and acquisition documentation necessary for SRR to verify the technical methods of collection for the Knauf ESI.   Knauf may withhold or redact from said chain of custody information or acquisition documentation information protected by the attorney-client privilege or work product doctrine.   To the extent SRR is unable to verify the technical methods of collection or seeks additional Knauf Information, SRR may conduct interviews of the custodians Knauf identified in the Stipulated Order and make its own collection of their documents, information, or ESI as reasonably necessary to complete the review authorized by the Court; provided, however, that SRR shall cooperate with Knauf in scheduling any such interviews and collections at reasonable times and with the participation of Knauf's counsel.   After receiving

any Knauf Information, SRR shall load or process the Knauf Information onto its review system and return the Knauf Information, including all unprocessed ESI, to Knauf's counsel as soon as possible; however, if loading or processing any Knauf Information takes more than ten (10) business days, SRR will notify Knauf and counsel for Plaintiffs in writing and identify the reason for the delay.

2.      Within five (5) business days of entry of this Order, Knauf shall provide to SRR keyword and name filters to be used by SRR to identify information potentially protected by the attorney-client privilege or the work product doctrine.  After loading any Knauf Information onto its review system, SRR shall electronically apply SRR's filters for identifying the relevant set of Knauf Information that may contain Category A, B, and C documents (the "Relevant Knauf Information").  SRR will segregate all Knauf Information not identified as Relevant Knauf Information and not allow access to or review of any of this segregated information unless and until SRR follows the privilege review process set forth below for Relevant Knauf Information. Before SRR may review any of the Relevant Knauf Information, SRR shall apply Knauf's keyword and name filters to segregate and return to Knauf's counsel all Relevant Knauf Information identified by those filters as potentially protected by the attorney-client privilege or the work product doctrine.  Knauf will then review the returned Relevant Knauf Information for privilege.  Within thirty (30) days after SRR returns Relevant Knauf Information to Knauf for privilege review, Knauf will return to SRR any of the Relevant Knauf Information that does not contain information protected by the attorney-client privilege or work product doctrine and will further provide to SRR and counsel for Plaintiffs a privilege log of documents not returned, except that Knauf may elect to return documents to SRR with any privileged or protected

3

information redacted.  SRR may physically review the Relevant Knauf Information not returned to Knauf for Category A, B and C documents while Knauf is performing its privilege review. The Parties agree and the Court finds that this constitutes reasonable steps to prevent disclosure of privileged or protected information, as required by Federal Rule of Evidence 502(b).

3.      The Court further ORDERS, pursuant to Federal Rule of Evidence 502(d), that any disclosure to SRR by Knauf of any information covered by the attorney-client privilege or work product doctrine shall not constitute a waiver in this action or in any other federal or state proceeding.   There shall be no waiver in this or any other proceeding of any privileged or protected information, including but not limited to any information with respect to:

a.      Documents disclosed that contain privileged or protected information;

b.      The subject matter of any such documents, including any related communications or documents;

c.      Any communications or documents relating to those who sent or received or are named in any documents disclosed; and

d.      Any communications between QDiscovery and Knauf or its lawyers.

4.      Any privilege or protection attaching to the above before disclosure under this Order shall remain preserved after disclosure to SRR, and Knauf shall have the right to assert the privilege or protection as if the disclosure had not been made, regardless of the forum and regardless of whether the person or entity challenging or defending the applicability of the privilege or protection is a party to this action.  This Order further does not prevent Plaintiffs from challenging the merits of any claim of privilege made by Knauf in this litigation.  Any disclosure to SRR by Knauf in connection with this litigation shall not be used by any person or

entity in this or any other proceeding to argue or assert that Knauf waived any privilege or production by such disclosure.

5.      If SRR has any reason to believe that any document or information produced by Knauf may contain information that is privileged or otherwise protected, SRR shall:

a.      Promptly notify counsel for Knauf;

b.      Make no further use of the material or information obtained through it;

c.      Not disclose contents of the material or information in its report or otherwise;

d.      Return or destroy all copies of the privileged or protected material as directed by Knauf in writing; and

e.      If SRR has disclosed the material or information to any other person or entity, it will advise Knauf's counsel of this fact and take all reasonable steps to retrieve and destroy the same as directed by Knauf in writing.

6.      SRR shall not use Knauf Information for any purpose other than to locate Category A, B, and C documents as provided in the Stipulated Order.  SRR shall not allow any person or entity access to Knauf Information or otherwise disclose Knauf Information to any person or entity except as provided below.  SRR, however, may communicate with counsel for Plaintiffs to reasonably determine how to identify Category A, B, and C documents without referring to or disclosing the content of any Knauf Information.

7.      SRR may allow employees of SRR access to Knauf Information for the purpose of conducting the review contemplated by the Stipulated Order, but it shall not allow any such access until SRR and Plaintiffs have complied with the disclosure procedures set forth in Paragraph V.E. of the Stipulated Confidentiality Protective Order entered on September 1, 2015.

As of the date of this order, JM has complied with those procedures for only the following SRR employees: Michael Kahaian; Sean Renshaw; Jeff Bagalis; and Mandi Wiggins.

8.      SRR shall maintain a log of all Knauf Information it receives and shall control access to the Knauf Information such that only those SRR employees allowed to view Knauf Information under Paragraph 7 have reviewed the Knauf Information in order that it can account for all Knauf Information provided to SRR and to allow SRR to comply with the return and certification procedures below.

9.      SRR shall not under any circumstances provide or disclose any Knauf Information to Plaintiffs or their counsel, except that, subject to the terms of Paragraph 11 below, SRR may prepare a report to Plaintiffs' counsel identifying the Category A, B, and C documents SRR located in its review and where those documents were disseminated within Knauf or outside of Knauf. The report may attach copies of those documents and/or identify any such document by a description of the title, author, date, to/from information, and/or bates number, or such information as reasonably necessary to locate the document in Knauf's production. The report and any exhibits to the report shall not include any information protected by the attorney-client privilege or work product doctrine or otherwise excluded under Paragraphs 10.A. and 10.B. of the Stipulated Order.

10.     Prior to providing Plaintiffs' counsel with the report described in paragraph 9 above, SRR shall deliver to Knauf the report and any exhibits and provide Knauf five (5) business days to review the report and exhibits to confirm that they do not contain any information that is privileged or work product or otherwise excluded by the Stipulated Order. SRR and Knauf shall confer in good faith for a period of no more than five (5) business days to

resolve any Knauf objections on this basis.  The Parties may thereafter submit any remaining disputes to the Court for resolution within five (5) business days.

11.     Once all procedures specified under paragraph 10 are completed, SRR shall provide its report to Plaintiffs' counsel, and at that time, provide to Plaintiffs' counsel all documents identified in the report as Category A, B, and C documents.  If, however, Knauf notifies SRR of its intent to submit a dispute under Paragraph 10 to the Court for resolution, those portions of the report and exhibits referencing said dispute shall be redacted until the dispute is resolved.  At the same time, SRR shall provide Knauf with a complete copy of the report and any other documents or materials SRR has provided to Plaintiffs' counsel, along with complete copies of all communications between SRR and any other entity relating to SRR's review and report, and complete copies of all of SRR's working papers, files, and/or reports.

12.     No later than 90 days after SRR provides its report to Plaintiffs' counsel as described above, SRR shall place the Knauf Information into near-term secure storage, and shall securely retain the Knauf Information until the conclusion of this litigation, including all appeals. No later than 60 days after the conclusion of this litigation, SRR shall return or destroy the originals and all copies of all Knauf Information as directed by Knauf in writing and provide Knauf with a certification signed by a principal of SRR stating under oath that SRR has complied with all its obligations under this Order and the Stipulated Protective Order.

13.     SRR is subject to the jurisdiction of the Court for all purposes arising under this Order, including enforcement of its terms.

14.     This order is intended to supplement and not supersede the terms of the Stipulated Order.

15.     This order shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502 or otherwise.

Knauf may seek a protective order pursuant to Rule 26(c), Federal Rules of Civil Procedure in the U.S. District Court for the District of Colorado to enforce the terms of this agreement and to protect the confidentiality of privileged or otherwise protected information.

Respectfully submitted,


/s/ David E. Sipiora
David E. Sipiora
Miranda C. Rogers
Kevin M. Bell
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000 – Telephone
(303) 571-4321 – Facsimile
dsipiora@kilpatricktownsend.com
mrogers@kilpatricktownsend.com
kbell@kilpatricktownsend.com

*Attorneys for Plaintiffs Johns Manville Corporation
and Johns Manville*


/s/ D. Rusty Denton
Daniel J. Lueders
Spiro Bereveskos
WOODARD, EMHARDT, MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile
lueders@uspatent.com
judy@uspatent.com

D. Rusty Denton
BINGHAM GREENEBAUM DOLL LLP
10 West Market Street, Suite 2700
Indianapolis, Indiana 46204-4900
(317) 635-8900 – Telephone
(317) 236-9907 – Facsimile
ddenton@bgdlegal.com

9

Perry L. Glantz
Stinson Leonard Street LLP
6400 S. Fiddlers Green Circle
Suite 1900
Greenwood Village, CO 80111
(303) 376-8400 – Telephone
(303) 376-8439 – Facsimile
Email:  Perry.glantz@stinsonleonard.com

*Attorneys for Defendants Knauf Insulation, Inc.*
*and Knauf Insulation GmbH*


/s/ James R. Sweeney
John R. Maley
James R. Sweeney II
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313 – Telephone
(317) 231-7433 – Facsimile
jmaley@btlaw.com
jsweeney@btlaw.com

*Attorneys for Defendant*
*Walter Johnson*


/s/ Michael N. Kahaian
Michael N. Kahaian
Stout Risius Ross
400 Colony Square
1201 Peachtree Street, NE, Suite 1717
Atlanta, Georgia 30361
(404) 369-1110 - Telephone
(404)330-9736 – Facsimile
mkahaian@srr.com

*Representative of Non-Party Stout Risius Ross*

10

**Approved and So Ordered.**

March 10, 2016                    _____
                                 R. Brooke Jackson
                                 United States District Court Judge

68265379V.1