# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00531-RBJ

JOHNS MANVILLE CORPORATION, a Delaware corporation, and
JOHNS MANVILLE, a Delaware corporation,

    Plaintiffs,

v.

KNAUF INSULATION, INC., a Delaware corporation, and
KNAUF INSULATION GMBH, a German corporation,

    Defendants.

---

## VERDICT

---

We, the jury, unanimously answer the questions of the Court as follows:

    1. Did Knauf prove, by a preponderance of the evidence, its affirmative defense of the statute of limitations as set forth in Instruction No. 26?

    Yes: _____    No: \_\_X\_\_\_\_\_

**If you answered "Yes" to Question 1, please sign the verdict without answering the other questions. Otherwise continue.**

    2. Did JM prove, by a preponderance of the evidence, its claim of misappropriation of a trade secret or secrets as set forth in Instruction No. 9 and further explained in Instruction Nos. 10-20, as the claim relates to:

    a. a formula for a super alloy call "GX-4" used in the manufacture of spinner discs?

Yes: _____ No: __X__

    b. specific testing data related to testing of GX-4 and other JM super alloys, including one called "CO5"?

Yes: _____ No: __X__

    c. certain refining and casting purchase specifications relating to JM's CO5 super alloy that JM provided to third parties?

Yes: _____ No: __X__

**If you answered "No" to all of the parts of Question 2, please sign the verdict without answer the other questions. Otherwise, please continue.**

    3. What amount, if any, do you find that Knauf's misappropriation of a trade secret or secrets caused Knauf to be unjustly enriched, as set forth in Instruction Nos. 21-23 JM is entitled to recover against Knauf, as it relates to

    a. a formula for a super alloy call "GX-4" used in the manufacture of spinner discs?

Amount: $_____

    b.    (1) specific testing data related to testing of GX-4 and other JM super alloys, including one called "CO5" and/or

        (2) certain refining and casting purchase specifications relating to JM's CO5 super alloy that JM provided to third parties?

Amount: $_____

4. Did JM prove beyond a reasonable doubt its claim that Knauf's conduct was attended by circumstances of malice or a willful and wanton disregard of JM's rights, as set forth in Instruction No. 24?

Yes: _____   No: _____

**If you answered "No" to Question 4, please sign the verdict without answering the remaining question. Otherwise continue.**

5. What was the total dollar amount of exemplary damages you would award, as set forth in Instruction No. 24?

Amount: $_____

Dated in Denver, Colorado this \_9th\_ day of November, 2017.

JUROR NAMES REDACTED